IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARK A. MILLER,

    Petitioner,                No. 2:10-cv-2665 FCD JFM (HC)

    vs.

RICHARD IVES, Warden,

    Respondent.            ORDER

                                /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the appropriate filing fee.

        Though filed as a § 2241 habeas petition, the instant petition actually challenges the legality of petitioner's conviction. Accordingly, if any relief exists with respect to petitioner's claim, it is under 28 U.S.C. § 2255 and not through habeas relief pursuant to § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner avers, however, that the provision in § 2255 referred to as the "savings clause" allows him to bring his claim under § 2241.

        A federal court may not entertain an action over which it has no jurisdiction. Hernandez, 204 F.3d at 865. Motions contesting the legality of a federal conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court (here, the Southern District of

1

California).  Id. at 864; see 28 U.S.C. § 2255(a).  In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court (here, the Eastern District of California).  Hernandez, 204 F.3d at 864. Therefore, the court must first decide whether jurisdiction is proper, i.e., whether the petition should be considered to have been filed pursuant to § 2241 or § 2255, before it can reach the merits of petitioner's claims.  See id. at 865-66; see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citing Hernandez, 204 F.3d at 864), cert. denied, 127 S.Ct. 1896 (2007).

A federal prisoner authorized to seek relief under § 2255 may not petition for habeas relief pursuant to § 2241 unless it appears that the § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).  This provision of § 2255 is known as the "savings clause." Hernandez, 204 F.3d at 864 n.2.  The burden of proving the inadequacy or ineffectiveness of a remedy under § 2255 rests on the habeas petitioner.  Toma v. Turnage, 825 F.2d 1400, 1404 (9th Cir. 1987).

The Ninth Circuit has recognized that the remedy under a § 2255 motion is "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255.  Ivy v. Pontesso, 328 F.3d at 1060-61.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted; and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.  "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (citation omitted and emphasis added), cert. denied, --- U.S. ----, 129 S.Ct. 254, 172 L.Ed.2d 192 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law

changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id. (citing Ivy, 328 F.3d at 1060-61).

If the petition falls under the "savings clause" and therefore qualifies as a § 2241 petition, then only the Eastern District of California, designated as the custodial court, has jurisdiction over the petition. Hernandez, 204 F.3d at 865. If, however, the savings clause does not apply, then the petition must be construed as a motion under § 2255, and jurisdiction lies only in the sentencing court, the Southern District of California. Id.

Therefore, prior to reaching the merits of petitioner's claims, the court must first determine whether it has jurisdiction over the petition. Accordingly, IT IS HEREBY ORDERED that respondent shall file a statement within thirty days of the date of this order addressing this issue. If jurisdiction does not lie in this court, then respondent shall also address whether dismissal or transfer to the sentencing court is appropriate.

DATED: November 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014;mill2665.o