1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARK A. MILLER,

11              Petitioner,                    No. 2:10-cv-2665 FCD JFM (HC)

12        vs.

13   RICHARD IVES, Warden,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16              On February 14, 2011, defendant filed a motion to dismiss.  Plaintiff was granted

17   an extension of time to May 11, 2011 to file opposition.  Plaintiff was cautioned that failure to

18   file opposition would be deemed as a statement of non-opposition to the granting of the motion.

19   Plaintiff has filed no opposition, although court records reflect plaintiff was properly served with

20   notice of the motion and the order granting an extension of time to file opposition at plaintiff's

21   address of record.

22              Local Rule 230(l) provides in part:  "Failure of the responding party to file written

23   opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

24   the granting of the motion . . . ."  Further, Local Rule 110 provides that failure to comply with

25   the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or

26   Rule or within the inherent power of the Court."

By order filed April 20, 2011, plaintiff was advised of the above requirements for filing opposition under the Local Rules and cautioned that failure to comply with the Local Rules might result in the imposition of sanctions.  In addition, plaintiff was afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of nonopposition and would result in a recommendation that this action be dismissed.  Plaintiff has again failed to file opposition.  Pursuant to Local Rule 230(l), therefore, the court deems the failure to file written opposition as a waiver of any opposition to the granting of defendant's motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53.  Plaintiff's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.  Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so.  In addition, defendants are prejudiced by the inability to reply to opposition.  Finally, the court has repeatedly advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

Accordingly, IT IS RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

2

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;mill2665.fsc.noop